UTICA SANITARY MILK COMPANY, Respondent, *v.* CASUALTY COMPANY OF AMERICA, Appellant.

Insurance (accident) — insufficiency of notice of accident — duty of one acting on behalf of both insurer and insured.

The same person was treasurer and manager of plaintiff, which was holder of an employer's liability insurance policy, and also general agent of the defendant, the insurance company which issued the policy, and it was part of his duty to report to defendant any accident which might result in a claim against the company. *Held*, that upon failure of plaintiff to give notice of an accident to defendant, as required by the policy, the knowledge of the person so acting in a dual capacity cannot be imputed to defendant or be held ground for dispensing with the written notice which the policy required.

*Utica Sanitary Milk Co.* v. *Casualty Co.*, 152 App. Div. 898, reversed.

(Submitted February 6, 1914; decided March 3, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 17, 1912, modifying, and affirming as modified, a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The defendant, on or about March 24, 1910, issued to the plaintiff a policy of employers' liability insurance, whereby the defendant agreed to indemnify the plaintiff for twelve months thereafter from loss or liability arising

from accident or injury to any of the plaintiff's employees up to a fixed amount.

The policy contained the following provision: "The assured upon the occurrence of a casualty covered hereby shall give immediate written notice thereof, with the fullest information obtainable at the time, to the company's duly authorized local agent, or to its home office in New York City."

On or about July 16, 1910, an accident occurred to one of the plaintiff's employees named Clark, whereby he suffered a fracture of the leg, which was a casualty within the meaning of the policy. No written notice of the accident was given to the defendant until December 5, 1910.

The insurance was effected through one Albert R. Hatfield, the general agent of the defendant for the city of Utica and vicinity, and it was a part of his duty to report to the defendant any accident which might result in a claim against the company. Hatfield was a stockholder and director of the plaintiff, and was also its treasurer and general manager. He had control over the plaintiff's business, which consisted of selling and delivering milk in Utica. The fact that Hatfield was the trustee and manager of the plaintiff was known to the defendant at the time of the accident and for some time prior thereto. Hatfield knew of the accident on the day it occurred, as did also the plaintiff's president.

The court also found that the notice required by the policy was not given, because the plaintiff believed that no claim would be made by Clark on account of his injury. The plaintiff paid to the injured man his wages for the three months succeeding the accident when he did not work, and on August 26, 1910, took from him a written statement to the effect that the plaintiff was free from all liability on account of his injuries.

Sometime later Clark made a claim upon the plaintiff for damages, and Hatfield, on December 5, 1910, gave the defendant notice of the claim by mail. This was the

first notice the defendant had of the accident. Subsequently Clark sued the plaintiff, and the defendant, the casualty company, refused to undertake the defense of the action, because it had not received notice of the accident in accordance with the provisions of the policy. The action resulted in a judgment against the milk company, the plaintiff here, and this suit was brought by it to recover from the defendant casualty company, the amount of the judgment and the costs of defending the action.

The court found that the condition of the policy requiring immediate notice to be given of any casualty covered thereby was not waived, but decided as matter of law that no such notice was required because Hatfield, the local agent of the defendant, had actual knowledge of the accident, and ordered judgment for the plaintiff.

*Charles P. Ryan* for appellant.    Failure to give immediate written notice of the accident invalidated the policy. (*London Guaranty Co.* v. *Sievy*, 66 N. E. Rep. 481; 4 Cooley on Insurance, 3570; *T. Ins. Co.* v. *Myers & Co.*, 62 Ohio St. 529; *Wolverton* v. *Fidelity Co.*, 190 N. Y. 41; *Piercy* v. *F. Ins. Co.*, 142 App. Div. 839; *Smith* v. *F. Ins. Co.*, 171 Mass. 357; *Rooney* v. *A. Casualty Co.*, 184 Mass. 26; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356.) Knowledge of the accident acquired by Hatfield in the performance of his duties as an officer of the plaintiff did not relieve the plaintiff from giving the notice which it had contracted to give. (*Rooney* v. *Maryland Casualty Co.*, 184 Mass. 26; *C. Ins. Co.* v. *Parker*, 142 Ala. 650; *A. A. Co.* v. *Card*, 13 Ohio C. C. 154; *Smith* v. *H. M. Ins. Co.*, 83 Mass. 297; *C. Savings Bank* v. *Am. Security Co.*, 87 Fed. Rep. 118.)    The knowledge of the accident acquired by Hatfield, by means other than a written notice as required by the policy, cannot avail the plaintiff. (*Gray* v. *Germania Fire Ins. Co.*, 155 N. Y. 180; *Baumgartel* v. *Providence-Washington Ins. Co.*, 136 N. Y.

547.) In view of Hatfield's relations with the plaintiff his knowledge cannot be imputed to the defendant. (Mechem on Agency, § 721; *Bienenstok* v. *Ammidown*, 155 N. Y. 47; *Bank* v. *Insurance Co.*, 84 Neb. 110; 120 N. W. Rep. 1010; *First Nat. Bank* v. *A. Ins. Co.*, 134 N. W. Rep. 873.)

*James H. Merwin* for respondent. The legal requirements of the policy were met by plaintiff. (4 Cooley's Briefs, 3347; *Woolverton* v. *F. & C. Co.*, 190 N. Y. 41; *Piercy* v. *F. Ins. Co.*, 142 N. Y. 839; *H. Ins. Co.* v. *Reynolds*, 36 Mich. 502; *Holden* v. *Putnam F. Ins. Co.*, 46 N. Y. 1.) The trial court was correct in holding that the serving of a written notice by Hatfield on himself was a useless formality and, therefore, not required. (*Schumacher* v. *G. E. C. & T. Co.*, 197 N. Y. 58; *Lewis* v. *G. Ins. Co.*, 181 N. Y. 392; *N. Y. M. L. Assn.* v. *W. F. Ins. Co.*, 110 App. Div. 760; 189 N. Y. 525; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Will & Baumer Co.* v. *R. Ins. Co.*, 140 App. Div. 691; *N. L., H. & P. Co.* v. *T. Ins. Co.*, 134 App. Div. 913; 201 N. Y. 581.)

CUDDEBACK, J. The plaintiff rests its case on the proposition that the knowledge which Hatfield possessed was the knowledge of the defendant, and no further notice of the accident was required by the policy. The argument is that Hatfield was the plaintiff's manager, charged with the duty of giving notice, and that he was the defendant's agent, charged with the duty of receiving such notice, and that it would have been a useless formality for Hatfield to give notice to himself; and further, that the defendant had knowledge of Hatfield's dual agency.

In *Exchange Bank* v. *Nebraska Underwriters Ins. Co.* (120 N. W. Rep. 1010), a somewhat analogous situation was presented. The assistant cashier of the plaintiff, who was also the agent of the defendant, issued policies of insurance upon certain property. The property was thereafter by bill of sale conveyed to the bank as security

for a loan and with it was transferred the policies of insurance. The defendant had no further information of the bill of sale than that possessed by its agent, the assistant cashier of the bank. Under the provisions of the policy a sale of the property insured made without the knowledge and consent of the defendant invalidated the insurance. In a suit brought by the bank against the insurance company it was held that the plaintiff could not recover. The court said: " We think it may be regarded as well established that where an agent's duty to his principal is opposed to, or even remotely conflicts with his own interest, or the interest of another party for whom he acts, the law will not permit him to act, nor will it hold his acts or his knowledge gained in such transaction obligatory upon his principal."

The case in Nebraska was followed by the Supreme Court of North Dakota in *First National Bank of Nome* v. *German American Ins. Co.* (134 N. W. Rep. 873). In that case the agent of the defendant was also the cashier of the plaintiff, a fact known to the defendant. As agent of the defendant the cashier issued policies of insurance on the bank's property, and afterward obtained for the bank additional insurance upon the same property in another company. He gave no notice of the additional insurance to the defendant as its policies required. It was held, after a loss, that the insurance company was not liable to the bank upon the policies issued by the cashier as the defendant's agent.

The object of these provisions for immediate notice of a possible loss in an insurance policy is to give information to the insurance company in order that it may protect itself. The duty of furnishing such information rests on the insured. The primary duty of Hatfield in the present case was to take, in behalf of the plaintiff, the first step required by the policy after the accident occurred, and give the insurer notice thereof.

Hatfield was in full control of the plaintiff's business.

He acquired knowledge of the accident on the day it occurred while in the discharge of his duties, and it was then within the scope of his duty to give the insurer notice as provided for in the policy. He did not give the notice because the plaintiff believed that no claim would arise out of the accident. Some six weeks later he endeavored to settle the liability of the plaintiff to the injured employee, and took from him a statement that the milk company was not to blame for the accident. In all of this he was not acting in his capacity as an agent of the defendant, but in behalf of his own company, in which he was a stockholder and director, as well as treasurer and manager thereof.

But it is argued that Hatfield was also the agent of the defendant, the insurance company, and that it would have been a useless formality for him to give notice to himself. I regard that argument as unsound. The observance of formalities is sometimes necessary to protect substantial rights. It may be that if Hatfield had given notice of the accident to himself, he would have been aroused to a sense of his duty to his principal, the insurance company, and would have forwarded the notice to the home office of the company. At any rate, the result of his inaction as the plaintiff's agent left the defendant without the information to which it was entitled under the policy.

Upon the facts found, Hatfield's knowledge should not, in my opinion, be imputed to the defendant (*Atlantic State Bank of Brooklyn* v. *Savery*, 82 N. Y. 291, 307), or be held ground for dispensing with the written notice which the policy required.

I recommend that the judgment appealed from be reversed, and a new trial ordered, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN and MILLER, JJ., concur; WERNER, J., absent.

Judgment reversed, etc.