■ NORTH AMERICAN COMPANY FOR PROPERTY & CASUALTY INSURANCE, Appellant, v YORK EQUITIES, INC., et al., Respondents. — Judgment of the Supreme Court, New York County, entered August 1, 1980 declaring that defendant had not breached a material term of the policy issued to it by plaintiff and that plaintiff is obligated to defend or indemnify defendant in the suit brought by the Mamudoskis against it, unanimously affirmed, with costs. Order of the Supreme Court, New York County, entered January 2, 1981 granting reargument and, upon reargument, adhering to the original determination, unanimously affirmed, without costs. York Equities, Inc., was the owner of premises 416 East 71st Street, New York City, on August 6, 1975 and for some time thereafter. Saladin Mamudoski was the superintendent of the premises. On August 6, 1975 Mamudoski's eight-year-old child Dzelil fell while climbing a railing on the premises. Some two months thereafter, during a visit by York's secretary, Marvin Bass, to the premises, Mrs. Mamudoski notified Bass of the accident. The notification came about as an incident to an inquiry as to whether the Workers' Compensation Insurance carried by York covered the child. No claim was made that the railing was defective or that York was otherwise negligent or in any way liable for the injury. Although Bass was a frequent visitor to the premises there was never, prior to March 19, 1977, any indication by the Mamudoskis of any intent to sue. On March 19, 1977, more than nineteen months after the accident, the Mamudoskis instituted suit. Five days later York notified plaintiff, its insurance carrier, by forwarding the documents served upon it to its insurer. Thirteen months later plaintiff notified York that it would defend the action. However, it reserved its right to disclaim coverage. The letter noted that, inasmuch as the Mamudoskis sought $3,000,000 in damages, York would be wise to obtain independent counsel at its own expense to protect its interests since the sum in suit exceeded the limits of York's policy. Three years after the commencement of the action by the Mamudoskis against York, plaintiff brought this action to disclaim liability under its policy of insurance. The policy issued by plaintiff to York required notification to the insurer "as soon as practicable". Plaintiff contends that the failure to notify it prior to March 24, 1977, in compliance with this provision of the policy warranted disclaimer. It moved for summary judgment against both York and the Mamudoskis who are joined as defendants. Special Term, while denying plaintiff's application, granted judgment declaring that plaintiff was obligated to defend or indemnify York in the suit brought by the Mamudoskis against it. Reargument was sought and granted. However, the original determination was adhered to. Plaintiff ap-

peals, both from the judgment and the order on reargument. There can be no doubt that delay in complying with the notice provision of a liability insurance policy may, in a proper case, provide a basis for disclaimer *(Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436). However, there are circumstances which will excuse the delay. A good faith belief that liability does not exist will suffice to explain the reason for the delay *(875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.,* 37 AD2d 11, affd 30 NY2d 726; *Colontino v United States Fid. & Guar. Co.,* 9 AD2d 926, affd 8 NY2d 974; 31 NY Jur, Insurance, § 1282). Here, there is no indication that prior to March 19, 1977 the Mamudoskis ever claimed that the railing was defective or that liability existed by reason of any fault of York. Indeed, the only indication to York of the accident was the inquiry by Mrs. Mamudoski of Bass with respect to Workers' Compensation. This tangential inquiry was insufficient to put defendant on notice of any reasonable probability of suit. Concur — Birns, J.P., Carro, Markewich, Silverman and Bloom, JJ.