■ HOLYOKE MUTUAL INSURANCE COMPANY, Appellant, v B.T.B. REALTY CORP. et al., Respondents. — In an action to declare that plaintiff is not obligated to defend or indemnify the defendant B.T.B. Realty Corp. in a personal injury action, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Di Paola, J.), entered May 15, 1980, which, after a nonjury trial, declared that plaintiff must defend in the personal injury action and pay any judgment which may be rendered against the said defendant. Judgment reversed and new trial granted, with costs to abide the event. The plaintiff insurance company seeks a judgment declaring that it is not obligated to defend or indemnify the defendant B.T.B. Realty Corp. in a personal injury action brought against it by defendants Albert and Phyllis Caron. That action arose out of an accident in which Albert Caron, an employee of D. Brown & Strober Building Supply Corp., sustained an injury while delivering building material to a home being constructed by B.T.B. As he was unloading his truck at the job site, the boom he was operating came into contact with a high tension wire owned and maintained by defendant Long Island Lighting Company. The accident occurred on May 7, 1975. The plaintiff did not acquire actual notice of the incident, however, until May 23, 1978, when it received a copy of a summons and complaint which had been served on B.T.B. some

three weeks earlier. The plaintiff promptly disclaimed on the ground that B. T. B. had failed to give timely notice of the incident as required by the two liability policies in force at the time. Those policies provided in pertinent part as follows: The general liability policy: "Conditions * * * 4. Insured's Duties in the Event of Occurrence, Claim or Suit: (a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable." The umbrella policy: "Conditions * * * 4. Insured's duties in the event of occurrence, claim or suit: (a) In the event of an occurrence which is likely to involve this contract, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to time, place, and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable." The plaintiff subsequently instituted this action seeking a declaration that it was not obligated to defend or indemnify B. T. B. because the construction firm had failed to give the required notice. B. T. B. defaulted in the action but the Carons vigorously opposed the plaintiff's request for relief. Following trial, the court found that B. T. B.'s failure to give timely notice was excusable because its principal had acted under a good faith and reasonable belief, based upon what he had heard about the accident, that his firm was not liable for Mr. Caron's injuries. Accordingly, a judgment was entered declaring that the plaintiff was obligated to defend B. T. B. and to pay any judgment rendered against it to the limit of its policies. It is this judgment from which the plaintiff now appeals. The general rule regarding the effect of a failure to comply with the notice provision of an insurance policy was stated by the Court of Appeals in *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.* (31 NY2d 436). The court there wrote (pp 440-441): "Notice provisions in insurance policies afford the insurer an opportunity to protect itself *(Utica Sanitary Milk Co.* v. *Casualty Co. of Amer.,* 210 N. Y. 399; 31 N. Y. Jur., Insurance, § 1261), and the giving of the required notice is a condition to the insurer's liability. *(Rushing* v. *Commercial Cas. Ins. Co.,* 251 N. Y. 302.) Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy *(Deso* v. *London & Lancashire Ind. Co.,* 3 N Y 2d 127; Insurance Law, § 167, subd. 1, par. [d]), and the insurer need not show prejudice before it can assert the defense of noncompliance. (31 N. Y. Jur., Insurance, § 1262.) There may be circumstances, such as lack of knowledge that an accident has occurred, that will explain or excuse delay in giving notice and show it to be reasonable. *(Rushing* v. *Commercial Cas. Co.,* 251 N. Y. 302, *supra; Woolverton* v. *Fidelity & Cas. Co. of N.Y.,* 190 N. Y. 41.) But the insured has the burden of proof thereon. *(Rushing* v. *Commercial Cas. Co.,* 251 N. Y. 302, *supra.)* Moreover, he must exercise reasonable care and diligence to keep himself informed of accidents out of which claims for damages may arise. *(Woolverton* v. *Fidelity & Cas. Co. of N.Y.,* 190 N. Y. 41, *supra; American Sur. Co. of N.Y.* v. *Mariani,* 130 N. Y. S. 2d 755 [Sup. Ct., New York County], affd. 286 App. Div. 1083; 13 Couch, Insurance [2d ed., Anderson], § 49:334.) Then, too, a good-faith belief of nonliability may excuse or explain a seeming failure to give timely notice. *(875 Forest Ave. Corp.* v. *Aetna Cas. & Sur. Co.,* 37 A D 2d 11, affd. 30 N Y 2d 726; *Woolverton v. Fidelity & Cas. Co. of N.Y.,* 190 N. Y. 41, *supra;* 31 N. Y. Jur., Insurance, § 1281.) But the insured's belief must be reasonable under all the circumstance and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence.

*(Haas Tobacco Co.* v. *American Fid. Co.,* 226 N. Y. 343; *Woolverton* v. *Fidelity & Cas. Co. of N. Y.,* 190 N. Y. 41, *supra; Marallo* v. *Aetna Cas. & Sur. Co.,* 148 N. Y. S. 2d 378 [Sup. Ct., Westchester County]; *American Sur. Co. of N. Y.* v. *Mariani,* 130 N. Y. S. 2d 755, affd. 286 App. Div. 1083, *supra;* 31 N. Y. Jur., Insurance, § 1281; 8 Appleman, Insurance Law and Practice, § 4744.) Finally, a provision that notice be given 'as soon as practicable' after an accident or occurrence, merely requires that notice be given within a reasonable time under all the circumstances. *(Deso* v. *London & Lancashire Ind. Co.,* 3 N Y 2d 127, *supra; Vanderbilt* v. *Indemnity Ins. Co. of North Amer.,* 265 App. Div. 495; Insurance Law, § 167, subd. 1, par. [d].)" (See, also, *North Amer. Co. for Prop. & Cas. Ins. v York Equities,* 81 AD2d 770.) At trial in the instant case, the plaintiff produced a statement taken from David Bakun, the president of B. T. B., on June 21, 1978. That statement, which was received in evidence, read in pertinent part: "My first knowledge of an accident was in 1975, when someone, I don't recall who, told me that a truck from Brown Strober, who we bought the sheetrock from, had caught its boom in the Lilco wires on the street at which time an employee of Brown Strober was hurt. The only thing I heard was he was delivering sheetrock to a job when the incident occurred. I was not told any of the details and didn't try to get the details. For this reason I didn't know I was involved and didn't report the incident to my agent, company etc. Had I known the details I would have notified my representative." Mr. Bakun did not testify at trial. However, the plaintiff did call Robert Lee Odom, who had been employed by D. Brown & Strober as a driver's helper and who had been with Mr. Caron at the time of the accident. Odom testified that, some three weeks after the incident, he encountered Frank Terripicio who, the parties to this appeal now agree, was B. T. B.'s foreman at the site, but who was not present when the accident occurred. Odom was permitted to testify that he had discussed the accident with Terripicio. However, when asked whether he had told the foreman "in effect what happened, describe to him what happened to Mr. Caron," an objection was sustained and the court itself undertook a new line of questioning. In our view, this constituted reversible error. "It is well-settled that the principal is bound by notice to or knowledge of his agent in all matters within the scope of his agency although in fact the information may never actually have been communicated to the principal". *(Farr v Newman,* 14 NY2d 183, 187; see, also, *Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 133; cf. *Brusca v El Al Israel Airlines,* 75 AD2d 798.) This principle of imputed knowledge is said to flow naturally "from the assumption that the agent will live up to the duty to act in the principal's interest in light of all the pertinent information he has acquired" *(Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 43). In view of these considerations, we conclude that plaintiff should have been permitted to inquire into Odom's conversation with the B. T. B. foreman. Plaintiff was entitled to attempt to show that the information given to the foreman was such that knowledge thereof would be imputed to Bakun and would render unreasonable any belief on his part that B. T. B. was not liable for Mr. Caron's injuries. In such case, the failure to give timely notice to the plaintiff would not be excusable. We note that testimony regarding Odom's out-of-court statements to the foreman would not be hearsay since their relevance would lie not in their truth but in the fact that they were uttered. (See Richardson, Evidence [10th ed — Prince], § 203.) And, finally, although we recognize that prejudice to the plaintiff is not strictly relevant to the issues at bar, we observe in passing that, by failing to commence their personal injury action until three years after the accident, the Carons themselves are largely responsible for the delay in notice to the insurer. Thus, those who would now hold the plaintiff to its obligations under the policies have, by their own

inaction, deprived the plaintiff of its opportunity to conduct a prompt investigation of the incident toward the end of effectively defending against the claim. In any event, because the plaintiff was prevented from offering evidence on the crucial issue of B. T. B.'s constructive knowledge of the occurrence, we reverse and grant a new trial. Mollen, P. J., Damiani, Margett and Thompson, JJ., concur.