934 F.2d 15
 In re ST. CLARE'S HOSPITAL AND HEALTH CENTER, Debtor.
ST. CLARE'S HOSPITAL AND HEALTH CENTER, Plaintiff-Appellant.
Tonia Green, an infant by her mother and natural guardian
Carrie Green, Intervenor-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.
 Nos. 1320, 1321, Dockets 91-5001, 91-5005.
 United States Court of Appeals,
Second Circuit.
 Argued May 9, 1991.
Decided May 17, 1991.
 
 Robert E. Crotty, New York City (Kelley Drye & Warren, Cory E. Friedman, Joseph A. Boyle, of counsel), for plaintiff-appellant.
 Herman Schmertz, New York City (Gair, Gair, Conason, Steigman & MacKauf, Ronald Berson, of counsel), for intervenor-appellant.
 Warren A. Herland, New York City (Jones, Hirsch, Connors & Bull, Steven H. Kaplan, of counsel), for defendant-appellee.
 Howard R. Cohen, New York City (Bower & Gardner, of counsel), for FOJP Service Corp., amicus curiae.
 Before PRATT, MINER and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 The opinion and order of the United States District Court for the Southern District of New York, Charles S. Haight, Jr. Judge, dated December 6, 1990, is reversed and the order of the bankruptcy court dated August 7, 1989 is affirmed for substantially the reasons set forth in the decision of the United States Bankruptcy Court for the Southern District of New York, Burton R. Lifland, Chief Judge, consisting of Findings of Fact and Conclusions of Law. The decision of the bankruptcy court reads as follows:
 
 UNITED STATES BANKRUPTCY COURT
 SOUTHERN DISTRICT OF NEW YORK
 Case No. 82 B 10625 (BRL)
 
 2
 IN RE: ST. CLARE'S HOSPITAL AND HEALTH CENTER, Debtor.
 
 
 3
 ST. CLARE'S HOSPITAL AND HEALTH CENTER, Plaintiff,
 
 
 4
 TONIA GREEN, an Infant by her Mother and Natural Guardian,
 
 
 5
 Carrie Green, Intervenor,
 
 
 6
 against
 
 
 7
 INSURANCE COMPANY OF NORTH AMERICA, Defendant.
 
 Adversary Proceeding No. 88-5195A
 
 8
 FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER
 
 APPEARANCES:
 Kelley Drye & Warren
 
 9
 for Debtor
 
 New York, New York
 By: Cory E. Friedman, of Counsel
 Cynthia S. Papsdorf, of Counsel
 Gair, Gair & Conason
 
 10
 for Intervenor
 
 New York, New York
 By: Ronald Berson, of Counsel
 Jones, Hirsch, Connors & Bull
 
 11
 for Defendant
 
 New York, New York
 By: Warren A. Herland, of Counsel
 Before:
 
 12
 Hon. Burton R. Lifland, Chief Bankruptcy Judge.
 
 
 13
 Debtor St. Clare's Hospital and Health Center ("St. Clare's") having sought a judgment declaring that the defendant, the Insurance Company of North America ("INA") is obligated to defend and indemnify St. Clare's in a medical malpractice action instituted against St. Clare's by Carrie Green, on behalf of infant Tonia Green ("Green"), in the Supreme Court for the State of New York, Bronx County (the "State Court Action") and based upon the stipulated facts as set forth in the Joint Pre-Trial Order and the evidence adduced at trial including the highly credible and unrebutted testimony of Ms. McCrohan and Dr. Jones, and mindful that a court should not blindly accept findings of fact and conclusions of law proffered by the parties, and having conducted an independent analysis of the law and facts[1], this Court makes the following [findings of] fact[ ] and conclusions of law, in accordance with Federal Rules of Civil Procedure Rule 52 as applicable in bankruptcy adversary proceedings pursuant to Bankruptcy Rule 7052.
 
 Findings of Fact
 
 14
 1. Plaintiff St. Clare's is a not-for-profit corporation duly organized and existing under the laws of the State of New York and operates a voluntary hospital at 415 West 51st Street, New York, New York 10019. (See, Joint Pre-Trial Order--Stipulated Facts p 1).
 
 
 15
 2. On April 2, 1982, St. Clare's filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the Southern District of New York. Pursuant to Secs. 1107 and 1108 of the Code, St. Clare's continues to operate its business and to manage its property as a debtor-in-possession. (See, Joint Pre-Trial Order--Stipulated Facts p 2).
 
 
 16
 3. By order dated May 23, 1983, the Hon. John J. Galgay approved the Plan of Reorganization for St. Clare's dated March 28, 1983, which provided, inter alia, for retention of jurisdiction by the U.S. Bankruptcy Court for the Southern District of New York of all matters pertaining to the execution of the Plan, including the settlement of, examination of, and/or objection to claims. (See, Joint Pre-Trial Order--Stipulated Facts p 3).
 
 
 17
 4. Prior to March, 1967, St. Clare's obtained from Insurance Company of North America ("INA") Policy No. AGP 3653 (the "Policy"), pursuant to which INA agreed to indemnify and defend St. Clare's for, inter alia, hospital professional liability ("medical malpractice") and other liability as set forth in the Policy. (See, Joint Pre-Trial Order--Stipulated Facts p 6).
 
 
 18
 5. The Policy was in full force and effect during, among other periods, March 1967, subject to its terms and conditions, and provided for benefits in the amount of $500,000 per claim, $1,000,000 aggregate. (See, Joint Pre-Trial Order--Stipulated Facts pp 7 and 9).
 
 
 19
 6. The Hospital Professional Liability Endorsement applicable to the Policy provides with respect to the insurance afforded by such endorsement that:
 
 
 20
 When an injury occurs written notice shall be given by or on behalf of the insured, in accordance with the 'Notice of Accident' Condition of the policy.
 
 
 21
 (See, Joint Pre-Trial Order--Stipulated Facts p 10).
 
 
 22
 7. The general form policy terms applicable to the Policy provide:
 
 
 23
 When an occurrence or accident takes place written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence or accident, the names and addresses of the Insured and available witnesses.
 
 
 24
 (See, Joint Pre-Trial Order--Stipulated Facts p 11).
 
 
 25
 8. The general form policy terms applicable to the Policy further provide:
 
 
 26
 If claim or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons, or other process received by him or his representative.
 
 
 27
 (See, Joint Pre-Trial Order--Stipulated Facts p 12).
 
 
 28
 9. On or about July 19, 1972, St. Clare's received from the Association for the Help of Retarded Children a request for a "summary on [St. Clare's] contact with Tobia Ann Green [sic]."
 
 
 29
 10. On June 28, 1985, the mother and natural guardian Carrie Green, on behalf of Tonia Green, commenced an action in the Supreme Court for the State of New York, Bronx County (the "State Court Action"), against St. Clare's and Oliver Holder, the attending obstetrician who delivered Ms. Green. Tonia Anne Green sought to recover damages for personal injuries allegedly sustained as a result of the negligence and medical malpractice of Dr. Holder and St. Clare's, its agents, servants and employees on or about March, 1967. (See, Joint Pre-Trial Order--Stipulated Facts p 14).
 
 
 30
 11. The State Court Action was automatically stayed pursuant to Sec. 362 of the Code.
 
 
 31
 12. In a telephone conversation on or about June 28, 1985 or July 1, 1985, Ms. Anna Marie McCrohan, representative of St. Clare's, advised Ms. C. Mongelluzzo, of INA's New York office, that St. Clare's had been served on June 28, 1985 with a summons with notice in the action instituted against St. Clare's by Tonia Green.
 
 
 32
 13. On July 1, 1985, Ms. Anna Marie McCrohan provided written notice of the commencement of the action against St. Clare's, and advised INA of the time, place and circumstances underlying the claim as set forth in said letter. (See, Joint Pre-Trial Order--Stipulated Facts p 15).
 
 
 33
 14. St. Clare's promptly provided its malpractice carrier, defendant INA, with notice of the commencement of the action.
 
 
 34
 15. INA refused to defend or indemnify St. Clare's in the action instituted against St. Clare's by Tonia Green. (See, Joint Pre-Trial Order--Stipulated Facts p 16).
 
 
 35
 16. It is clear from the testimony of St. Clare's medical expert and the testimony of both St. Clare's and INA's risk managers, that based upon the relevant 1967 medical standards, the circumstances surrounding the delivery and treatment of Tonia Green in 1967 did not constitute a reportable event under the aforementioned notice provisions.
 
 
 36
 17. Further, there was nothing with respect to the contacts by the Association for the Help of Retarded Children or the law firm of Gair, Gair & Conason prior to the service of the summons and complaint in 1985 that would have alerted St. Claire's, [sic ] compelling the Risk Manager to give notice of an accident or occurrence or that liability on St. Clare's part might result, which would impel St. Clare's Risk Manager to provide notice of a potential incident to INA.
 
 
 37
 18. St. Clare's handling of this matter was well within the acceptable range regarding when an insured, in St. Clare's position, is required to give its carrier notice of a potential claim.
 
 
 38
 19. Green has intervened in this adversary proceeding and has been aligned as a plaintiff.
 
 
 39
 20. Pursuant to an Order of this Court modifying the stay, any recovery by claimant Green is limited to the proceeds of any applicable insurance coverage carried by St. Clare's.
 
 CONCLUSIONS OF LAW
 
 40
 1. This Court has previously determined, jurisdiction over this controversy is proper pursuant to 28 U.S.C. Sec. 157 and Federal Rules of Bankruptcy Procedure Rules 7008 and 7012. (See, Order dated May 17, 1988).
 
 
 41
 2. This matter is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2).
 
 
 42
 3. As this Court has previously ruled in another Chapter 11 case, the debtors' rights under its insurance policies are property of a debtor's estate under Sec. 541(a) of the Code. See, In re Johns-Manville, 26 B.R. 420, 436 (Bankr.S.D.N.Y.1983), aff'd 40 B.R. 219 (S.D.N.Y.1984), aff'd MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89 (2d Cir.1988), cert. denied, 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1986); In re Pearl-Wick Corp., 15 B.R. 143, 148 (Bankr.S.D.N.Y.1981) aff'd 26 B.R. 604 (S.D.N.Y.1982) aff'd 697 F.2d 291 (2d Cir.1982) aff'd 697 F.2d 295 (2d Cir.1982).
 
 
 43
 4. Additionally, other Courts that have recently considered whether an insurance policy falls within the scope of Sec. 541 have concurred * * * with this holding. See, e.g., MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89, 92 (2d Cir.1988), cert. denied, 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988); Tringali v. Hathaway Mach. Co., 796 F.2d 553, 560 (1st Cir.1986).
 
 
 44
 5. Pursuant to the INA policy and the applicable New York law, notice to the insurer of an accident or occurrence need only be given as soon as practicable. See, 70 N.Y.Jur., Insurance, Sec. 1612 at 620, N.Y.P.J.I. Sec. 4:77. A provision that notice be given "as soon as practicable" following an accident or occurrence "merely requires that notice be given within a reasonable time under all the circumstances." Security Mutual Ins. Co. of New York v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 293 N.E.2d 76, 79, 340 N.Y.S.2d 902, 906 (1972); quoting Deso v. London and Lancashire Ind. Co., 3 N.Y.2d 127, 164 N.Y.S.2d 689, 143 N.E.2d 889 (Ct.App.1957).
 
 
 45
 6. Where the insured lacks knowledge that an accident or occurrence has occurred, or when the facts of the accident or occurrence are such that the insured would not reasonably believe that liability on his part will result, notice given by the insured "promptly after the insured received notice that a claim will be made against him" is reasonable. See, Merchants Mutual Ins. Co., v. Hoffman, 56 N.Y.2d 799, 801, 452 N.Y.S.2d 398, 437 N.E.2d 1155 (1982); Security Mutual Ins. Co. of New York, 340 N.Y.S.2d at 902, 293 N.E.2d at 76.
 
 
 46
 7. Under the relevant facts and circumstances, St. Clare's satisfied its obligation to provide INA with notice of Tonia Green's claim within a reasonable time. See, e.g., Van Buren v. Employers Ins. of Wausau, 98 A.D.2d 774, 469 N.Y.S.2d 488 (2d Dep't 1983); North American Co. for Property & Casualty Ins. v. York Equities, 81 A.D.2d 770, 438 N.Y.S.2d 802 (1st Dep't 1981) appeal denied 55 N.Y.2d 606, 448 N.Y.S.2d 1025, 433 N.E.2d 536 (1982); Narduli v. United States Fidelity and Guaranty Co., 33 Misc.2d 352, 225 N.Y.S.2d 455 (Sup.Ct.1962).
 
 
 47
 8. INA has a duty to defend and indemnify St. Clare's up to the $500,000 limit in the action instituted against St. Clare's by Tonia Green.
 
 
 48
 9. The automatic stay of the State Court Action instituted against St. Clare's by Tonia Green is lifted.
 
 
 49
 IT IS SO ORDERED.
 
 Dated: New York, New York
 August 7, 1989
 
 50
 /s/Burton R. Lifland
 
 Burton R. Lifland
 Chief Bankruptcy Judge
 
 
 [1]
 See, United States v. El Paso Natural Gas Co., 376 U.S. 651, 656, 84 S.Ct. 1044, 1047, 12 L.Ed.2d 12 (1964). See also, Apex Oil Co. v. Vanguard Oil & Serv. Co., 760 F.2d 417, 422 (2d Cir.1985)