JON O. NEWMAN, Circuit Judge,
concurring:
I concur in the result and in all aspects of Judge Walker’s opinion except his individual statement[1] of the view that whether a lawsuit alleging a post-petition breach of a pre-petition contract is a core proceeding depends on the impact the contract has on core bankruptcy functions. In my view, the efficient functioning of the bankruptcy system will be better served by a bright-line rule that treats as core proceedings all suits alleging post-petition breaches of pre-petition contracts.
This Circuit’s approach to the issue of whether post-petition breaches of pre-petition contracts are core has not been consistent. We have held, albeit without discussion, that a suit alleging a post-petition breach of a pre-petition contract is core, see St. Clare’s Hospital and Health Center v. Insurance Company of North America (In re Clare’s Hospital and Health Center), 934 F.2d 15, 18 (2d Cir.1991), and we have said that “the timing of a dispute may render it uniquely a bankruptcy case.” Ben Cooper, Inc. v. Insurance Co. (In re Ben Cooper, Inc.), 896 F.2d 1394, 1400 (2d Cir.1990) (emphasis added), vacated and remanded, 498 U.S. 964, 111 S.Ct. 425 (1990), reinstated on remand, 924 F.2d 36, 38 (2d Cir.1991). On the other hand, we have also held that a post-petition breach of a pre-petition contract was non-core. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1102 (2d Cir. 1993).[2] Two members of this Court, in *642 their prior district court roles, thought that post-petition breaches of pre-petition contracts were core, see Copian v. Liberty Mutual Insurance Co. (In re Century Brass Products, Inc.), No. 91-2251, 1992 WL 22191, at *3 (D.Conn. Jan. 7, 1992) (Cabranes, J.); Hirsch v. London Steamship Owners’ Mutual Life Insurance Ass’n (In re Seatrain Lines, Inc.), 198 B.R. 45, 51-52 (S.D.N.Y.1996) (Sotomayor, J.), and the leading commentator seems to agree, see 1 Collier on Bankruptcy ¶ 3.02[3][d][ii] (15th ed. 1999) (“causes of action owned by the debtor at the time the title 11 case is filed” are non-core, implying that causes of action arising thereafter, e.g., for post-petition breach, are core).
On this inconclusive state of the law in the Second Circuit, I believe the issue of whether a suit for a post-petition breach of a pre-petition contract is core remains open, and the Court’s opinion today, holding the suit by United States Lines to be core because of its impact on core functions, leaves the ultimate issue for another day. I agree, as Judge Walker’s opinion demonstrates, that this suit affects core functions and, for that reason, can be considered core, but I would deem it core simply because it involves a post-petition breach.
We emphasized the narrowness of Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598(1982), which, it is well to recall, involved a pre-petition breach of a contract, when we quoted with approval then-Judge Breyer’s observation that Congress intended the concept of “core proceedings” to be “ ‘interpreted broadly, close to or congruent with constitutional limits.’ ” Resolution Trust Corp. v. Best Products Co. (In re Best Products Co.), 68 F.3d 26, 31 (2d Cir.1995) (quoting Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.), 815 F.2d 165, 168 (1st Cir.1987)). There can be nothing unconstitutional in permitting a non-Article III bankruptcy court to adjudicate a cause of action for a post-petition breach of a pre-petition contract, a cause of action that did not exist until the jurisdiction of the bankruptcy court attached.
The post-petition breach creates a cause of action that is an asset of the bankruptcy estate, distinct from the contractual rights arising from the pre-petition contract. In Marathon’s terms, the cause of action for a post-petition breach is not “antecedent to the reorganization petition.” Marathon, 458 U.S. at 84, 102 S.Ct. 2858. Although the cause of action for a post-petition breach may be regarded as merely seeking the benefit of what the contracting obligee expected to obtain from its pre-petition contract, the damages to be obtained from that action might be less than the exact equivalent of the value of the contractual rights. Surely, most entities, and especially those with financial difficulties precipitating bankruptcy, would not willingly trade the continuation of on-going contractual relationships for a cause of action for a post-petition breach of contract.
Since a cause of action for a post-petition breach can constitutionally be consid *643 ered core, it always should be in order to promote the efficient functioning of the bankruptcy system. That efficiency will be substantially impeded by injecting into numerous bankruptcy proceedings the fact-specific and somewhat nebulous issue of whether a particular post-petition breach of a pre-petition contract has a sufficient impact on core functions to render the cause of action core. The five-year delay in this case, from 1994 when the Bankruptcy Court declared the contract action core, see United States Lines I, 169 B.R. at 821, through 1997 when the District Core declared the action non-core, see United States Lines, Inc. v. American S.S. Oumers Mutual Protection & Indemnity Ass’n (In re United States Lines, Inc.), 220 B.R. 5, 11 (S.D.N.Y.1997), until now in 1999 when this Court declares the action core, well illustrates my point. A bright-line rule treating all suits for post-petition breaches as core will better serve the interests of all parties involved in bankruptcy proceedings.
I therefore concur in the result, and subject to the qualification expressed in this opinion, concur in Judge Walker’s opinion.

. As Judge Walker notes in footnote 1, his view that a suit alleging a post-petition breach of a contract is not necessarily a core proceeding is his individual view. My differing view is explained in this opinion. Judge Cala-bresi in his concurring opinion declines to reach the issue.

. Judge Walker, the author of Orion, asserts in a statement of his individual views that Orion involved a post-petition breach. Whether the panel in Orion so regarded the matter is subject to some uncertainty. The Orion Pictures Corp. ("Orion”), the debtor, had been notified pre-petition that the contracting party, Showtime Networks Inc. ("Showtime”), considered Orion to have breached a key-man agreement. See Orion, 4 F.3d at 1097. Showtime then notified Orion post-petition that Showtime would not license certain films because of Orion’s pre-petition breach. See id. Orion claimed that Show- *642 lime’s action was an anticipatory breach of the contract. Orion then brought a declaratory action to establish that its alleged pre-petition breach of the contract did not justify Showtime's alleged post-petition breach. The Orion opinion refers to the action as "a pre-petition contract action,” id. at 1102, and, in citing Beard v. Braunstein, 914 F.2d 434 (3d Cir.1990), as support for the ruling that the Orion action is non-core, quotes from Beard this sentence: " ‘It is clear that to the extent that the claim is for pre-petition contract damages, it is non-core.’ ” Orion, 4 F.3d at 1102 (quoting Beard, 914 F.2d at 443) (emphasis added). Moreover, at least two courts and one commentator have viewed Orion as a pre-petition breach. See Hirsch v. London Steamship Owners’ Mutual Insurance Ass’n (In re Seatrain Lines, Inc.), 198 B.R. 45, 51 (S.D.N.Y.1996) (Sotomayor, J.); United States Lines, Inc. v. American S.S. Owners Mutual Protection & Indemnity Ass’n (In re United States Lines, Inc.), 169 B.R. 804, 817-18 (Bankr.S.D.N.Y.1994) ("United States Lines I ”); Andrew M. Campbell, Action for Breach of Contract as Core Proceedings in Bankruptcy under 28 U.S.C. § 157(b), 123 A.L.R. Fed. 103, § 10[a] (1995). Nevertheless, since Judge Walker was the author of Orion, I accept his characterization that Orion involved a post-petition breach.