*439
 
 Jasen, J.
 

 The issue on this appeal is whether the insured complied with a liability insurance policy provision requiring notice to the insurer “ as soon as practicable ” after the “ occurrence ’'.
 
 [1]
 

 On November 29, 1964, Security Mutual Insurance Company •of New York (Security Mutual) issued its Owners’, Landlords’ and Tenants’ Liability Policy to Fernley Realty Corp. (Fernley) insuring it against liability for personal injuries arising from the operation of certain premises located at 2-10 East 196 Street, Bronx, New York. In addition to the named insured, the policy covered Norman Levy, president of Fernley, and Acker-Fitzsimons Corp. (Acker-Fitzsimons), managing agents of the property.
 

 On May 23,1965, a major fire occurred on the insured premises and three days later the New York City Department of Buildings lodged certain structural violations against them. The buildings were again swept by fire on October 4,1965, during the course of which three firemen, defendants Adams, Harrington and Manning, were allegedly injured. The buildings were subsequently demolished.
 

 Levy evidently learned of the second fire (but not the personal injuries) on the afternoon of its occurrence. On November 9, 1965, he heard “ rumors ”
 
 [2]
 
 that certain unnamed firemen had been injured in the October 4 fire. He then telephoned this information to James Kannar, Fernley’s insurance broker, and followed up with a letter, also dated November 9, instructing him to notify the insurer of the claimed injuries. Kannar was of the view that until a more concrete claim was made, there was no obligation to report the incident to the insurer.
 
 *440
 
 He also opined that since firemen go at their own risk, there was no liability anyway.
 

 In ordinary course, the plaintiff issued a renewal policy for the premises. But on November 15, 1965, before the effective date of the renewal policy, Kannar wrote to Security Mutual advising it of the contemplated demolition of the premises. Telephone conversations followed on November 16 between Kannar and Theodore Moschitta, an employee of Security Mutual, during which Moschitta was advised of the fire of October 4, but no mention was made of any personal injuries. The policy was subsequently canceled on January 6, 1966.
 

 On December 19, 1965, the
 
 Sunday News
 
 reported that two firemen (Adams and Manning) had filed a claim for $1,500,000 against the City of New York for injuries allegedly sustained in the fire of October 4. Mention was also made of alleged liability of the owners and operators of the premises. The article was brought to Levy’s attention, who, on December 27, 1965, forwarded a copy to Kannar, together with a letter stating that he believed it should be forwarded to the liability carrier. Kannar took no action, apparently believing that, absent some more substantial basis, there was nothing to report to the carrier.
 

 In October, 1966, the firemen, Adams and Manning, now joined by Harrington, commenced the prime action by serving a summons and complaint on the City of New York only. Service upon Fernley and Acker-Fitzsimons was effected by service upon the Secretary of State on April 28, 1967. Levy was personally served on June 23, 1967. Upon receiving the summons, the defendant Acker-Fitzsimons promptly notified Security Mutual of the pendency of the action — some 19 months after the actual occurrence.
 

 Notice provisions in insurance policies afford the insurer an opportunity to protect itself
 
 (Utica Sanitary Milk Co.
 
 v.
 
 Casualty Co. of Amer.,
 
 210 N. Y. 399; 31 N. Y. Jur., Insurance, § 1261), and the giving of the required notice is a condition to the insurer’s liability.
 
 (Rushing
 
 v.
 
 Commercial Cas. Ins. Co.,
 
 251 N. Y. 302.) Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy
 
 (Deso
 
 v.
 
 London & Lancashire Ind. Co.,
 
 3 N Y 2d 127; Insurance Law, § 167, subd. 1, par. [d]), .and the insurer need not show prejudice before it can assert the defense of noncompliance. (31 N. Y. Jur., Insurance, § 1262.)
 

 
 *441
 
 There may be circumstances, such as lack of knowledge that an accident has occurred, that will explain or excuse delay in giving notice and show it to be reasonable.
 
 (Rushing
 
 v.
 
 Commercial Cas. Co.,
 
 251 N. Y. 302, supra;
 
 Woolverton
 
 v.
 
 Fidelity & Cas. Co. of N. Y.,
 
 190 N. Y. 41.) But the insured has the burden of proof thereon.
 
 (Rushing
 
 v.
 
 Commercial Cas. Co.,
 
 251 N. Y. 302,
 
 supra.)
 
 Moreover, he must exercise reasonable care and diligence to keep himself informed of accidents out of which claims for damages may arise.
 
 (Woolverton
 
 v.
 
 Fidelity & Cas. Co. of N. Y.,
 
 190 N. Y. 41, supra;
 
 American Sur. Co. of N. Y.
 
 v.
 
 Mariani,
 
 130 N. Y. S. 2d 755 [Sup. Ct., New York County], affd. 286 App. Div. 1083; 13 Couch, Insurance [2d ed., Anderson], §49:334.)
 

 Then, too, a good-faith belief of nonliability may excuse or explain a seeming failure to give timely notice.
 
 (875 Forest Ave. Corp.
 
 v.
 
 Aetna Cas. & Sur. Co.,
 
 37 A D 2d 11, affd. 30 N Y 2d 726;
 
 Woolverton
 
 v.
 
 Fidelity & Cas. Co. of N. Y.,
 
 190 N. Y. 41,
 
 supra;
 
 31 N. Y. Jur., Insurance, § 1281.) But the insured’s belief must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence.
 
 (Haas Tobacco Co.
 
 v.
 
 American Fid. Co.,
 
 226 N. Y. 343;
 
 Woolverton
 
 v.
 
 Fidelity & Cas. Co. of N. Y.,
 
 190 N. Y. 41,
 
 supra; Marallo
 
 v.
 
 Aetna Cas. & Sur. Co.,
 
 148 N. Y. S. 2d 378 [Sup. Ct., Westchester County];
 
 American Sur. Co. of N. 7.
 
 v.
 
 Mariani,
 
 130 N. Y. S. 2d 755, affd. 286 App. Div. 1083,
 
 supra;
 
 31 N. Y. Jur., Insurance, § 1281; 8 Appleman, Insurance Law and Practice, § 4744.)
 

 Finally, a provision, that notice be given “ as soon as practicable ” after an accident or occurrence, merely requires that notice be given within a reasonable time under all the circumstances.
 
 (Deso
 
 v.
 
 London S Lancashire Ind. Co.,
 
 3 N Y 2d 127, supra;
 
 Vanderbilt
 
 v.
 
 Indemnity Ins. Co. of North Amer.,
 
 265 App. Div. 495; Insurance Law, § 167, subd. 1, par. [d].)
 

 The Appellate Division was of the view that the insureds had no direct knowledge that injuries had resulted from the fire of October 4, 1965, and that the insureds ’ belief of nonliability was reasonable. The majority concluded that the notice given upon receiving the summons in the prime action (some 19 months
 
 *442
 
 after the occurrence) was, therefore, given as soon as practicable. We disagree.
 

 On December 19, the
 
 Sunday News
 
 reported that two firemen . had filed claims' against the City of New York for injuries allegedly sustained in the October 4 fire. Mention was also made in the article of the possible liability of the owners and operators of the premises. This article was brought to the. attention Of the insureds, Levy and Acker-Fitzsimons, in late;. December. While this information was, in our view, sufficient to apprise the insureds of the occurrence, of itself, it probably was not a sufficient predicate for giving immediate notice.. However, it seems to Us that such information would cause a reasonable and prudent person to investigate the circumstances, ascertain the facts, and evaluate his potential liability (see
 
 Haas Tobacco Co.
 
 v.
 
 American Fid. Co.,
 
 226 N. Y., at p. .345), particularly where there were, at the time of the alleged injuries, existent violations against the premises involving structural deficiencies caused by the first fire (May 23, 1965). Similarly, although’ the belief that firemen go at their own risk generally accords with the law, (see, e.g.,
 
 McGee
 
 v.
 
 Adams Paper & Twine Co.,
 
 26 A D 2d 186, affd. 20 N Y 2d 921), under these circumstances, and absent an investigation of the facts, the insured’s bare reliance on that belief would appear to be unreasonable.
 
 [3]
 

 The recent case of
 
 875 Forest Ave. Corp.
 
 v.
 
 Aetna Cas. Corp. (37
 
 A D 2d 11, affd. 30 N Y 2d 726,
 
 suyra),
 
 relied upon by the majority at the Appellate Division, is distinguishable. In that case a three-year-old child fell from a fourth floor apartment window and was killed. It was held that delayed notice of the accident did not breach the notice provision where, the insured, acting as a reasonable and prudent person, believed he was not liable. That accident, however, simply was not one which would lead a reasonable person to envision any possible liability on the part of the insured corporate Owner of the building. In fact, the circumstances (of which the insured apprised itself)
 
 *443
 
 indicated negligence on the part of the child’s mother. Here, the insureds had information (the newspaper article) about personal injuries arising from a fire at their, building against which certain structural violations had been posted — yet they failed to pursue the facts or reasonably evaluate their potential liability.
 

 In sum, we conclude that the insureds failed to exercise reasonable care and diligence in ascertaining the facts about the alleged accident and in evaluating their potential liability. Thus, the otherwise unreasonable delay of 19 months in giving notice may not be excused or explained on the basis of “ lack of knowledge ” or a “ belief of nonliability ”.
 

 For the reasons stated, the order of the Appellate Division should be reversed and the judgment of the Supreme Court, Bronx County, reinstated.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
 

 Order reversed, with costs, and the judgment of Supreme Court, Bronx County, reinstated.
 

 [1]
 

 . An occurrence is defined in the policy as “an event, or continuous or repeated exposure to conditions, which unexpectedly causes injury during the policy period.”
 

 [2]
 

 .
 
 The “ rumors ” consisted of a phone call to Levy from an unnamed person.
 

 [3]
 

 . As we have previously noted, Levy was sufficiently concerned about the alleged injuries that he instructed his insurance broker to inform the carrier. But this did not constitute the notice contemplated by the policy since a broker is normally the agent of the insured and notice to the ordinary insurance broker is not notice to the liability carrier.
 
 (Curreri
 
 v.
 
 Allstate Ins. Co.,
 
 37 Misc 2d 557;
 
 Gabriel
 
 v.
 
 Attigliato,
 
 60 Misc 2d 536; 31 N.
 
 Y.
 
 Jur., Insurance, § 1266.)