■ ALICE FRITZ, Respondent, v EDWARD FRITZ, Appellant.—In a matrimonial action, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County, entered August 3, 1977. Judgment modified, on the law, by deleting the eighth decretal paragraph thereof, which relates to the division of the proceeds of a certain joint savings account and a New York State income tax refund check. As so modified, judgment affirmed, without costs or disbursements, and action remanded to Special Term for a hearing to determine the rights of the respective parties to the property in question and for the entry of an appropriate amended judgment. Pursuant to section 234 of the Domestic Relations Law, the court, in a divorce action, may determine "any question as to the title to property arising between the parties". Here, however, the plaintiff did not formally request a division of the savings account and a tax refund check, although an oral motion to conform the pleadings to the proof was granted. The record before us does not indicate the actual contributions by the parties to the savings account, their intentions with respect to that account, or the portion, if any, of the refund check which was attributable to the plaintiff's earnings. While a presumption of joint tenancy exists with respect to the account, the defendant should be afforded an opportunity to rebut that presumption. As to the refund check, the plaintiff may not assert any rights to funds which represent taxes paid by the defendant on his own income. Hopkins, J. P., Latham, Damiani and Titone, JJ., concur.

■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, v EVANDIS, INC. et al., Respondents.—Judgment of the Supreme Court, Queens County, entered September 7, 1977, affirmed, with costs, on the opinion of Mr. Justice Lakritz at Trial Term. (See, also, in addition, *Security Mut. Ins. Co. of N. Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441.) Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ MORTON HABER, Petitioner, v TOWN OF RAMAPO et al., Respondents. —Proceeding by a Town of Ramapo police officer pursuant to CPLR article 78 to review a determination of the Police Commissioners of the Town of Ramapo, dated August 23, 1976, which, after a hearing, found petitioner guilty of the specification that he had failed to interview a complainant in the course of a police assignment, and imposed a suspension without pay for a period of seven days. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. There was substantial evidence to support the finding and the punishment was not unduly severe (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Shapiro, J. P., Cohalan, Margett and Hawkins, JJ., concur.