■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Respondent, v ALFRED A. LANZA, Respondent, and COMMERCIAL UNION INSURANCE COMPANY, Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered May 2, 1978, which held that respondent Commercial Union Insurance Co.'s disclaimer of insurance coverage as to one of its insureds (Duchek) was invalid and further directed that the arbitration demanded by respondent Alfred A. Lanza against petitioner Aetna Casualty & Surety Company be permanently stayed, unanimously reversed, on the law, with costs and disbursements, the disclaimer of Commercial Union Insurance Co. is declared valid, the application of petitioner for a stay of arbitration is denied, and petitioner is directed to proceed to arbitration with respondent Lanza. Failure to comply with the notice provision in an insurance policy vitiates the policy *(Security Mut. Ins. Co. of N. Y. v Acker -Fitzsimons Corp.,* 31 NY2d 436, 440; *Deso v London & Lancashire Ind. Co. of Amer.,* 3 NY2d 127, 129; see, also, *Coleman v New Amsterdam Cas. Corp.,* 247 NY 271, 277). Petitioner Aetna issued a policy of automobile insurance to respondent Lanza containing an uninsured motorist endorsement. Lanza, on December 15, 1972, while a pedestrian, was struck by a motor vehicle operated by Mr. Duchek, who was insured by respondent Commercial. Police at the scene of the accident did not issue a summons or citation to Duchek and the latter failed to inform Commercial of the occurrence. Duchek, after the impact, saw the pedestrian being taken to the hospital in an ambulance. In December, 1974, Duchek, notified by Lanza's attorney of the prospect of litigation, forwarded that attorney's letter to his insurance agent. This letter was received by Commercial on January 2, 1975 and it disclaimed coverage on January 9, in view of the delay in notification. The assumption by Duchek that he was not liable because he was not cited by the police,

presented as justification for the failure to notify, is not a sufficient excuse (see *Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* pp 442-443). When an accident occurs which may fall within the coverage of an insurance policy, the insured may not, without investigation, gratuitously conclude that it need not be reported *(Empire City Subway Co. [Ltd.] v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8, 13). Concur—Murphy, P. J., Kupferman, Birns, Lupiano and Ross, JJ.