■ CARDINAL BAIN, Plaintiff, v CHARLES SCHAD, INC., Defendant, and GUY FLEURANT, Sued Herein as GUY FLORANT, Defendant and Third-Party Plaintiff-Appellant. GREAT ATLANTIC INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—In an action to recover damages for personal injuries in which the defendant Fleurant brought a third-party claim against his insurance carrier Great Atlantic Insurance Company, Fleurant appeals from a judgment of Supreme Court, Kings County (Dowd, J.), dated December 3, 1984, which dismissed the third-party complaint insofar as it is asserted against the third-party defendant Great Atlantic Insurance Company.

Judgment affirmed, with costs payable by Fleurant to the Great Atlantic Insurance Company.

We agree with the trial court's finding that Fleurant knew or should have known of liability coverage upon which his claim was made. His delay of 5½ years in notifying his insurer was therefore unexcused inasmuch as it was unreasonable under the circumstances *(see, Mighty Midgets v Centen-*

*nial Ins. Co.,* 47 NY2d 12, 19). Since Fleurant failed to meet a condition of the policy, i.e., to notify the insurer of claim or suit "as soon as practicable", the insurer's duty to indemnify and defend was vitiated *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440). Fleurant's remaining contentions are without merit. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.