■ JOSEPH MELHADO, Respondent, v JOHN CATSIMATIDIS, Appellant and Third-Party Plaintiff-Appellant, and CAT CLUB, Respondent and Third-Party Plaintiff-Respondent. MT. VERNON FIRE INSURANCE COMPANY, Third-Party Defendant-Respondent.—Order and judgment, Supreme Court, New York County (David B. Saxe, J.), entered March 21, 1991, which, *inter alia,* granted the cross-motion of third-party defendant-respondent Mt. Vernon Fire Insurance Company for summary judgment dismissing the third-party complaint and declaring

that it was not obligated to defend or indemnify defendant-respondent The Cat Club in the underlying action; and which granted plaintiff's cross-motion for summary judgment against defendants on the issue of liability, unanimously affirmed, without costs.

Defendants failed to satisfy the notice requirement in the insurance policy to forward to the insurer all legal process, thus vitiating the policy. *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440.) While the insurer was initially notified of the accident and conducted an investigation, the failure to promptly forward the legal process caused the insurer irreparable harm by depriving it of the opportunity to participate meaningfully in pretrial discovery proceedings *(Hovdestad v Interboro Mut. Indem. Ins. Co.,* 135 AD2d 783, 784).

Plaintiff presented a prima facie showing of entitlement to judgment, including the legal liability of the tenant and the out-of-possession landlord *(see,* Administrative Code of City of New York §§ 27-127, 27-128, 27-532 [a] [7] [g]; *Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). As defendant Catsimatidis failed to assemble and lay bare affirmative proof of the existence of any issue of fact, summary judgment was properly granted on the issue of liability *(see, Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 32, *affd* 49 NY2d 924). Concur—Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.