■ METROPOLITAN NEW YORK COORDINATING COUNCIL ON JEWISH POVERTY, Appellant, v NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Respondent. [634 NYS2d 730] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff with respect to an underlying personal injury action commenced against it by Joseph Ferrigno, James Ferrigno, and Donna Ferrigno, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated July 7, 1994, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is modified, on the law, by adding thereto a provision declaring that the defendant properly disclaimed coverage under its auto business liability insurance policy issued to the Metropolitan New York Coordinating Council on Jewish Poverty; as so modified, the order is affirmed, with costs to the defendant.

On May 1, 1990, Reuven Delouya, an employee of the plaintiff Metropolitan New York Coordinating Council on Jewish Poverty (hereinafter Metropolitan Council), was involved in an automobile accident with a vehicle owned and operated by Joseph Ferrigno. At the time of the accident, Delouya was driving a Rent-A-Wreck van which the plaintiff had leased from Pennies A Mile, Inc., in order to pick up some donated furniture. Approximately six months after the accident, Joseph Ferrigno, his wife Donna Ferrigno, and James Ferrigno, who had been a passenger in the Ferrigno vehicle, commenced a personal injury action against Delouya and Pennies A Mile, Inc. In March 1993, nearly three years after the accident, the Ferrignos moved to amend their complaint to add the plaintiff Metropolitan Council as a party to the pending personal injury action. Upon learning of the Ferrignos' motion, the plaintiff notified its insurance carrier, the defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania s/h/a National Union Insurance Company of Pittsburgh, Pennsylvania (hereinafter National Union), of the accident. National Union disclaimed coverage based upon the plaintiff's failure to provide prompt notice of the occurrence. The plaintiff then commenced this declaratory judgment action against National Union which subsequently moved to dismiss the action. The Supreme Court granted the motion, concluding that the plaintiff's nearly three-year delay in giving notice to National Union was unreasonable as a matter of law. We agree.

It is well settled that when an insurance policy, such as the one here, requires its policyholder to provide prompt or immediate notice of any accident or loss, such notice must be provided within a reasonable time in view of all of the facts and circumstances of the case *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127; *Zadrima v PSM Ins. Co.,* 208 AD2d 529). The failure to provide the carrier with timely notice of a potential claim operates as a condition precedent, and thus, "[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440; *see also, Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576). While "a good-faith belief of nonliability may excuse or explain a seeming failure to give timely notice" the insured bears the burden of demonstrating that the delay in giving notice was reasonable *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 441; *Vradenburg v Prudential Prop. & Cas. Ins. Co.,* 212 AD2d 913; *Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721).

Guided by these principles, the plaintiff has failed to sustain

its burden of demonstrating that its lengthy delay in providing notice of the accident to its carrier was reasonable. Although the plaintiff asserts that it had a good faith belief of nonliability because it was not originally named as a defendant in the personal injury action, a reasonable and prudent corporate employer could not have believed itself to be free from potential liability for injuries allegedly caused by the negligence of its employee *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; Zadrima v PSM Ins. Co., supra; Platsky v Government Empls. Ins. Co., 181 AD2d 764)*. Furthermore, the plaintiff's claim that it did not inform its own carrier of the accident because it assumed that it would be covered under Pennies A Miles's liability insurance policy does not provide a legally cognizable excuse for its delay *(see, Winstead v Uniondale Union Free School Dist., 201 AD2d 721, supra; Heydt Contr. Corp. v American Home Assur. Co., 146 AD2d 497)*. Accordingly, the Supreme Court properly concluded that the plaintiff's delay in providing its insurance carrier with notice of the accident vitiated coverage.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of National Union rather than dismissal of the complaint *(see, Lanza v Wagner, 11 NY2d 317, 334, cert denied 371 US 901; Town Bd. v Continental Ins. Co., 213 AD2d 475)*. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.