■ WOODBURN COURT ASSOCIATES I, a New York Limited Partnership, by TRANSURBAN HOUSING SYSTEMS, INC., Its Gen-

eral Partner, et al., Respondents, v WINGATE MANAGEMENT COMPANY, INC., et al., Defendants, and HARTFORD FIRE INSURANCE COMPANY, Appellant. [663 NYS2d 445] —Casey, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered May 24, 1996 in Broome County, which denied defendant Hartford Fire Insurance Company's motion to dismiss the complaint against it for, *inter alia*, failure to state a cause of action.

In May 1983, plaintiffs, as owners of an apartment building in the City of Binghamton, Broome County, entered into a written agreement with defendant Wingate Management Company, Inc. (hereinafter Wingate), a wholly owned subsidiary of defendant Continental Wingate Company, Inc. (hereinafter Continental), for Wingate to manage the property. Among its duties as manager, Wingate recovered rent and other income on behalf of plaintiffs. The agreement required Wingate to furnish a fidelity bond to cover loss caused by employee dishonesty. Although Wingate purchased and provided such bond from defendant Hartford Fire Insurance Company, it allegedly failed and refused to disclose to plaintiffs Hartford's identity as surety on the policy.

Beginning in May 1994, plaintiffs advised Wingate through its president, defendant Robert G. Najarian, that its management agreement would not be renewed and would terminate as of August 31, 1994. In January 1995, plaintiffs sought information regarding the existence of a fidelity bond and the identity of the bonding company. This requested information was not supplied. Thereupon, in May 1995 plaintiffs commenced this action against Hartford, Wingate, Continental and Najarian for breach of contract, conversion, fraud and negligence in connection with the property's management. Because plaintiffs did not know Hartford's identity, they referred to said defendant in the caption as the "Unknown Surety Company", using descriptive language in the complaint in an attempt to identify it.

Upon learning of Hartford's identity in February 1996 through defendants' response to a discovery demand, plaintiffs, without obtaining leave of the court, added Hartford as a defendant to the prior summons and complaint without making any additional changes. Hartford moved to dismiss the action against it claiming that plaintiffs' lacked the capacity to sue, the action was barred, the complaint failed to state a cause of action and Supreme Court lacked personal jurisdiction over it. Supreme Court denied Hartford's motion and Hartford appeals. We affirm.

We initially reject Hartford's contention that plaintiffs are barred from bringing this action against it since they failed to provide it with timely notice of the loss as required by the policy. The policy specifically requires "Named Insureds" to notify Hartford "as soon as possible" of any claimed loss. Although the list of said insureds in the declarations section specifically includes Wingate and Continental, plaintiffs are not mentioned. Even if plaintiffs are considered the named insureds under the policy, Supreme Court properly denied Hartford's motion in this regard since plaintiffs filed their notice with Hartford as soon as they discovered Hartford's identity, and also met their burden of providing a reasonable excuse for their delay in notifying Hartford (*see, Metropolitan N. Y. Coordinating Council on Jewish Poverty v National Union Ins. Co.*, 222 AD2d 420, 421).

As to plaintiffs' failure to obtain Supreme Court's permission to amend the complaint to add Hartford after its identity was ascertained, we agree with Supreme Court that CPLR 1024 does not require a formal amendment in these circumstances. We have reviewed Hartford's remaining contentions and find them without merit. The order is, therefore, affirmed in all respects.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.