■ LUMBERMENS MUTUAL CASUALTY Co., as Subrogee of MORRIS MIOZZI and Another, Appellant, v MATERIAL DAMAGES ADJUSTMENT CORPORATION et al., Respondents. [668 NYS2d 939] —In a subrogation action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated May 7, 1996, as, upon reargument, adhered to an order of the same court, dated March 5, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 26, 1992, the defendant Eagle Insurance Company (hereinafter Eagle) offered to pay $5,000 on behalf of its insured, Sean M. Brown, to the plaintiff, Lumbermens Mutual Casualty Co. (hereinafter Lumbermens), as subrogee of Morris and Audrey Miozzi, in return for a release of a property damage claim. This offer had not been accepted as of October 4, 1993, at which time Eagle disclaimed coverage after discovering that Mr. Brown, without Eagle's knowledge or consent, executed a confession of judgment in the principal amount of $6,520, at the behest of a Lumbermens representative, and that Lumbermens entered a judgment thereon in the sum of $6,700. Lumbermens thereafter took an assignment of Mr. Brown's rights against Eagle, and brought the present action seeking, *inter alia,* a judgment in the amount of $5,000.

We agree with the Supreme Court that Eagle and the code-

fendant Material Damages Adjustment Corporation are entitled to summary judgment. Eagle's original settlement offer did not stay in effect indefinitely, and terminated upon its disclaimer of coverage. Hence, no enforceable contract to pay $5,000 ever came into existence. Further, the defendants' disclaimer was proper, since Mr. Brown "failed to satisfy the notice requirement in [his] insurance policy to forward to the insurer all legal process, thus vitiating the policy" (*Melhado v Catsimatidis*, 182 AD2d 576, 577, citing *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440).

The plaintiff's remaining contention is without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.