YUN LIN a/k/a Linda Ling, Plaintiff,

v.

**ALLCITY INSURANCE COMPANY,**
**Defendant.**

No. 98 CIV. 7341(WHP).

United States District Court,
S.D. New York.

Dec. 10, 1999.

James C. Napoli, Caeser & Napoli, New York, for Plaintiff.

Lawrence A. Doris, Flynn, Gibbons & Dowd, New York, for Defendant.

## ORDER

PAULEY, District Judge.

Plaintiff filed this declaratory judgment action on October 19, 1998 to compel defendant to satisfy a judgment entered against its insured. *See* N.Y. Ins. Law

§ 3420(b)(1).[1] By notice of motion dated June 14, 1999, plaintiff moves for summary judgment pursuant to Fed.R.Civ.P. 56. By notice of cross motion dated June 28, 1999, defendant moves for summary judgment dismissing the complaint. The following facts are not in dispute.

Plaintiff sustained personal injuries on April 7, 1991 as a result of services provided by Tinny Beauty & Figure Salon, Ltd. ("TBFS"). Prior to April 7, 1991, defendant issued a policy of liability insurance to TBFS. The policy contained the following terms and conditions:

4. Insured's Duties in the Event of Occurrence, Claim or Suit

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof and the names and addresses of the injured and of available witnesses shall be given by or for the insured to the Company or any of its authorize agents as soon as practicable.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

Def.'s Ex. B, p. 4.[2]

On July 9, 1991, plaintiff commenced an action against an entity known as Tinny Beauty International, Inc. ("TBI"), in Supreme Court, New York County, based on the personal injuries she sustained on April 7, 1991. Specifically, plaintiff asserted that she paid TBI to have a birthmark removed and that one of its employees

1. That section provides, in relevant part, that "an action may be maintained ... against the insurer upon any policy or contract of liability insurance ... to recover the amount of a judgment against the insured ... for damages for injury sustained or loss or damage occasioned during the life of the policy or contract." N.Y. Ins. Law § 3420(b)(1).

2. Although plaintiff points out that defendant is unable to produce a copy of the policy executed by TBFS, plaintiff does not dispute that the policy contained the foregoing clauses concerning notice to the insurer.

botched the procedure. TBI, an entity that was not insured by defendant, answered that complaint on or about September 11, 1991.

On December 27, 1991, plaintiff commenced an essentially identical action against TBFS in Supreme Court, New York County. TBFS answered on or about January 21, 1992. The actions were consolidated by order entered on June 22, 1992.

By letter dated August 19, 1992, Glenn J. Caldwell, Esq., attorney for both TBI and TBFS, advised defendant in relevant part:

> Re:  Your assured: Tinny Beauty & Figure Salon, Ltd.
> Pol. # 296 0099466
> D/A:  April 7, 1991

Enclosed for your easy reference is a copy of the face sheet of the policy covering my client's corporation. I am also enclosing a copy of the summons and complaint, an answer submitted on behalf of your insured and a copy of the preliminary conference order which contains the index number of the action against your insured . . . .

On behalf of my client, Alex Cheung, I call upon you to provide a defense and to provide coverage pursuant to the policy. I am aware that the accident happened over one year ago. My client was under the impression that because there were allegations pertaining to the practice of medicine without a license and because he had a general liability policy and not a medical malpractice policy that he was not covered.

Obviously, there is coverage. The delay in notifying Allcity does not work to your prejudice since an answer has been interposed (at my client's considerable expense I might add) and no default has been taken. Furthermore, I'm sure that the attorney for the plaintiff would be willing to accommodate the incoming attorneys for the defendant with whatever they require to commence representation.

If there is any question of disclaimer or any question at all, please feel free to call me.

Pl.'s Ex. E. Caldwell's August 19, 1992 letter enclosed copies of: (1) the cover sheet from TBFS' policy; (2) the summons and notice from the TBI action; (3) the verified complaint from the TBI action; (4) the verified answer from the TBFS action; and (5) the preliminary conference order from the TBI action. *Id.* A copy of the letter was forwarded to plaintiff's counsel.

As the letter concedes, TBFS did not provide defendant with notice of the April 7, 1991 occurrence, or of the lawsuits filed by plaintiff, prior to August 19, 1992.

By letter dated September 9, 1992, Allcity advised its insured, TBFS, that it disclaimed coverage based upon TBFS' failure to provide timely notice of occurrence and suit, and because the policy did not provide coverage for the claims alleged in the complaint. (Pl.'s Ex. G) The letter was addressed to TBFS and stated in relevant part:

> Re: Insured:  Tinny Beauty
> Claimant: Yun Lin
> Policy # 296–0099466
> Date of Loss:  4–7–91

Dear Sirs:

We are in receipt of a Summons & Complaint entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____
LIN YUN,

Plaintiff(s)

against
TINNY BEAUTY INTERNATIONAL, INC. AND MIMI LEE,

Defendant(s)
_____

A review of the Complaint reveals that the plaintiff alleges damages due to the rendering of a professional service.

. . .

Noting the above [exclusion] there is no coverage afforded you for this suit.

Furthermore it is apparent that you've breached the conditions of the policy for

failing to report the occurrence, and failing to notify the company of the Summons and Complaint. We are therefore also disclaiming coverage for late notice. Pl.'s Ex. G. A copy of the disclaimer letter was forwarded to plaintiff's counsel.

The underlying personal injury action proceeded to trial resulting in a verdict for plaintiff on or about May 7, 1997. Judgment was entered against TBFS and TBI on November 7, 1997. (Pl.'s Ex. H)

### Discussion

### A. Summary Judgment Standard

Summary judgment must "be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is on the party moving for summary judgment to establish the absence of any genuine issues of material fact, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), and any ambiguities must be resolved in favor of the non-movant, see Celotex Corp. v. Catrett, 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 2556 n. 2, 91 L.Ed.2d 265 (1986). The motion should be granted if "reasonable minds could not differ as to the import of the evidence before the court." Cable Science Corp. v. Rochdale Village, Inc., 920 F.2d 147, 151 (2d Cir.1990).

### B. TBFS' Untimely Notice

█ The parties agree that New York law applies in this diversity action. Under New York law, it is well settled that compliance with the notice provisions of an insurance contract is a condition precedent to an insurer's liability. See Commercial Union Ins. Co. v. International Flavors & Fragrances, Inc., 822 F.2d 267, 271 (2d Cir.1987); Unigard Security Ins. Co. v. North River Ins. Co., 79 N.Y.2d 576, 581, 584 N.Y.S.2d 290, 292, 594 N.E.2d 571 (1992). If an insured fails to provide time-ly notice as required by the particular policy, then, absent a valid reason for the delay, the insurer is under no obligation to defend or indemnify the insured. See, e.g., State of New York v. Blank, 27 F.3d 783, 793 (2d Cir.1994); Matter of Allcity Ins. Co. and Jimenez, 78 N.Y.2d 1054, 1055, 576 N.Y.S.2d 87, 88, 581 N.E.2d 1342, 1343 (1991). A finding of prejudice to the insurer resulting from untimely notice of either an "occurrence" or a claim is not required for the insurer to successfully assert this defense. See AXA Marine & Aviation Ins. Ltd. v. Seajet Indus., Inc., 84 F.3d 622, 624 (2d Cir.1996). The burden is on the insured to show that a delay was reasonable under the circumstances. See American Ins. Co. v. Fairchild Industries, Inc., 56 F.3d 435, 438 (2d Cir.1995); Security Mutual Ins. Co. v. Acker–Fitzsimons Corp., 31 N.Y.2d 436, 441, 340 N.Y.S.2d 902, 904–06, 293 N.E.2d 76 (1972).

█ Defendant argues that TBFS' 16–month delay in providing notice of the occurrence is a complete defense to this action. Plaintiff does not dispute that 16 months elapsed before TBFS first provided notice to defendant on August 19, 1992. Nor does plaintiff attempt to offer any valid excuse for the delay. Instead, plaintiff argues that defendant cannot avoid coverage because its September 9, 1992 disclaimer letter to its insured was unclear. In particular, plaintiff points to the reference in defendant's disclaimer letter to the TBI action, and argues that the only conclusion to be drawn was that defendant intended to deny coverage only for the suit against TBI. (Pl.'s Mem. at 10) Thus, plaintiff contends that defendant's disclaimer letter was ineffective. This Court disagrees.

█ Putting aside the fact that the alleged ambiguity in defendant's disclaimer can be directly traced to the incomplete hodgepodge of pleadings and other documents that were provided to defendant under cover of Caldwell's demand letter, the precise occurrence and the defendant's

bases for disclaiming coverage were clearly identified and explained. Plaintiff's suggestion that defendant disclaimed coverage to TBI—an entity which it did not insure and was never asked to defend by Caldwell—simply defies logic. This Court finds that defendant's disclaimer was sufficiently clear in all material respects, and therefore was effective. Since defendant received notice of the underlying incident 16 months after its occurrence and 8 months after commencement of the TBFS action, plaintiff cannot seriously argue that the delay was reasonable.[3] *See Power Authority of State v. Westinghouse Electric Corp.,* 117 A.D.2d 336, 502 N.Y.S.2d 420 (1st Dep't 1986) (53–day delay in providing notice of occurrence deemed unreasonably long as a matter of law).

#### C. *The Policy Exclusion*

■ Even if TBFS or plaintiff had provided timely notice, defendant has proffered evidence that TBFS' policy contained an exclusion for "malpractice and professional services" covering "bodily injury . . . due to the rendering of or failure to render any cosmetic . . . services or treatments." Def.'s Ex. J. This exclusion clearly encompassed plaintiff's negligence claims against TBFS for "improperly removing the birth mark of plaintiff and [for] practicing medicine without a license." Pl.'s Ex. C (TBFS Compl. ¶ 14) Although defendant is unable to produce the TBFS original policy, it has presented business records and affidavit testimony indicating that this exclusion was issued to TBFS. *See* Def.'s Exs. O, T. Plaintiff has rebutted none of this evidence, but instead argues that defendant's failure to locate a copy of the original policy is "indefensible." Pl.'s Reply Mem. at 7. This naked assertion does not create a genuine issue of fact for trial,

particularly since plaintiff has not offered a scintilla of evidence that defendant intentionally destroyed the policy or otherwise manipulated its records.

#### Conclusion

For these reasons, defendant's cross-motion for summary judgment dismissing the complaint is granted. Plaintiff's motion for summary judgment is denied. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED:

---

3. The standard for determining the timeliness of a notice of occurrence is more lenient when the notice is given by the injured party than when it is given by the insured. *See AXA Marine and Aviation Ins. (UK) Ltd. v. Seajet Industries Inc.,* 84 F.3d 622, 626 (2d Cir. 1996); *Lauritano v. American Fidelity Fire*

*Ins. Co.,* 3 A.D.2d 564, 567, 162 N.Y.S.2d 553, 557 (1st Dep't 1957), *aff'd,* 4 N.Y.2d 1028, 177 N.Y.S.2d 530, 152 N.E.2d 546 (1958). However, plaintiff does not, and apparently cannot argue that she independently provided notice to defendant, even though at a minimum, she was aware of Caldwell's demand letter.