■ PHILIP M. MERCURIO, Appellant, v NORTHWESTERN MUTUAL INSURANCE COMPANY, Respondent. [749 NYS2d 63] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated November 30, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that compliance with a notice of claim provision in an insurance policy is a condition precedent to an insurer's liability under the policy (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *see also Roche v G.E. Capital Life Assur. Co. of N.Y.*, 281 AD2d 932; *Sayed v Macari*, 296 AD2d 396). Moreover, "[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., supra* at 440).

Here, the disability policy which the plaintiff purchased from the defendant required "[w]ritten notice of claim * * * within 60 days after the occurrence or commencement of any loss covered [under the] policy." In support of its motion for summary judgment, the defendant demonstrated that the plaintiff did not provide notice of claim until more than five years after the occurrence of his disability. In opposition, the plaintiff

failed to demonstrate any valid excuse for the delay or to otherwise raise a material issue of fact that would require a trial of the action.

Accordingly, under these circumstances, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (see *Gresham v American Gen. Life Ins. Co. of N.Y.,* 135 AD2d 1121; see generally *Alvarez v Prospect Hosp.,* 68 NY2d 320). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.