■ SAULT, INC., Appellant, v HERMITAGE INSURANCE COMPANY, Respondent. [805 NYS2d 661]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Todd v Miele* in the Supreme Court, Rockland County, under index No. 3828/01, the plaintiff appeals from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated December 1, 2003, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying personal injury action entitled *Todd v Miele* in the Supreme Court, Rockland County, under index No. 3828/01.

The plaintiff owned a hotel where a guest was attacked by an alleged former employee and tenant of the hotel. In a criminal proceeding, the attacker was found not guilty by reason of mental disease or defect. The plaintiff sought a defense and

indemnification in the action by the guest against it, and the defendant insurer declined on the grounds that the plaintiff did not provide it with notice as soon as practicable, and that the policy contained an assault and battery exclusion. The plaintiff commenced this declaratory judgment action against the insurer, which, in turn, successfully moved for summary judgment. This appeal ensued.

The insurer established its entitlement to judgment as a matter of law by establishing that the plaintiff failed to provide timely notification of the incident, as it did not receive notice until more than one year after the incident occurred (*see Travelers Indem. Co. v Worthy*, 281 AD2d 411 [2001]). The plaintiff's contention in response, that it had a good faith belief of nonliability, was insufficient to raise a triable issue of fact as to the timeliness of the notice (*see Metropolitan N.Y. Coordinating Council on Jewish Poverty v National Union Ins. Co. of Pittsburgh, Pa.*, 222 AD2d 420 [1995]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]).

The insurer was also entitled to summary judgment on the ground that the assault and battery exclusion applied (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350 [1996]).

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying personal injury action entitled *Todd v Miele* in the Supreme Court, Rockland County, under index No. 3828/01 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.