(October 19, 2010)

COLLEEN BALBERT, Plaintiff, v 302 96TH STREET OWNERS CORP. et al., Defendants/Third-Party Plaintiffs-Respondents. INSURANCE COMPANY OF GREATER NEW YORK, Third-Party Defendant-Appellant. [909 NYS2d 535]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated March 24, 2009, as denied that branch of its motion which was to dismiss the third-party complaints.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the third-party defendant's motion which was to dismiss the third-party complaints is granted.

The plaintiff, Colleen Balbert, allegedly was injured when she slipped and fell in the lobby of her cooperative apartment build-

ing located at 302 96th Street in Brooklyn. Balbert is an attorney who resides in the building, and is a member of the building's Board of Directors. The building is owned by the defendant/third-party plaintiff 302 96th Street Owners Corp. (hereinafter the Owner), managed by the defendant/third-party plaintiff Live Right Management Corp. (hereinafter Live Right), and insured by the third-party defendant, Insurance Company of Greater New York (hereinafter INSCO). INSCO disclaimed coverage against the Owner on the ground that it failed to provide timely notice of the occurrence in accordance with the terms of the insurance policy. The Owner and Live Right filed third-party complaints alleging that INSCO's disclaimer was improper.

It is well established that a provision in an insurance policy that requires the insured to give the insurer written notice of an occurrence "as soon as practicable" mandates that such notice be given within a reasonable time under the circumstances (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436 [1972]; *Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]).

The underlying incident giving rise to Balbert's claim occurred on June 27, 2007. However, the Owner did not notify INSCO of Balbert's accident until 11 months later on May 27, 2008. The 11-month delay between the occurrence and notice to INSCO was unreasonable in light of the fact that the Owner was aware of Balbert's accident on the date that it occurred, and it was aware that Balbert had been removed by ambulance in a stretcher, had undergone surgery, and was seen walking with a cane after the accident.

Under the circumstances, the owner failed to demonstrate a good faith belief in nonliability so as to excuse its failure to timely serve notice of the occurrence based upon its belief that Balbert would not sue because she was a Board member (*see Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235 [2002]). Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.