10-3853-cv
Simon Property Group, L.P. v. Lumbermen's Mut. Cas. Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
         SUSAN L. CARNEY,
              *Circuit Judges.*

_____

SIMON PROPERTY GROUP, L.P.,

                    *Defendant-Third-Party Plaintiff-*
                    *Appellant,*

     -v.-                              10-3853-cv

LUMBERMEN'S MUTUAL CASUALTY COMPANY, BURNS
INTERNATIONAL SECURITY SERVICES CORPORATION,

                    *Third Party Defendants-Appellees,*

JAMES LENT,
                    *Plaintiff*

        -v.-

SIMON PROPERTY GROUP, INCORPORATED, SPG REALTY CONSULTANTS,
INCORPORATED, SPG REALTY CONSULTANTS, M.S. MANAGEMENT
ASSOCIATES, INCORPORATED, M.S. MANAGEMENT ASSOCIATES
(INDIANA), INCORPORATED, FASHION MALL PARTNERS L.P.,

                    *Defendants,*

and,

FASHION MALL PARTNERS L.P.,

*Third-Party-Plaintiff*

BROOKSTONE COMPANY, INCORPORATED, PINKERTON'S INCORPORATED,
WESTERN WORLD INSURANCE COMPANY, TUDOR INSURANCE COMPANY,

*Third-Party-Defendants.*

---

FOR APPELLANT:     THOMAS S. NOVAK, Sills, Cummis & Gross,
                   P.C., New York, NY.

FOR APPELLEES:     LAUREL A. WEDINGER, Barry, McTiernan &
                   Moore, New York, NY.

                   RUSSELL S. JAMISON, Marin Goodman, LLP
                   Harrison, NY.

Appeal from the United States District Court for the
Southern District of New York (Robinson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the district court be
**AFFIRMED.**[1]

---

[1]Asserting his reliance on *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002) (noting that a written agreement must be enforced according to its terms only where the agreement is "complete, clear and unambiguous on its face"), and *Leon v. Lukash*, 504 N.Y.S.2d 455, 455 (N.Y. App. Div. 1986) (stating that the meaning of an ambiguous contract "presents a question of fact which may not be resolved by the court on a motion for summary judgment"), Judge Hall would vacate the grant of summary judgment for Burns on the grounds that in his view the word "occurrence" in the security services contract is ambiguous.

Simon Property Group, L.P. ("Appellant") appeals from a judgment of the United States District Court for the Southern District of New York (Robinson, *J.*), which granted summary judgment in favor of Appellees, Burns International Security Services Corporation ("Burns") and Lumbermen's Mutual Casualty Company ("Lumbermen's"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment *de novo*. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). "Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). We also review *de novo* whether a contract is ambiguous under New York law. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 914 (2d. Cir. 2010).

Here, we find no error in the district court's grant of summary judgment for Appellee Burns. The security agreement between Burns and Appellant stipulates that the parties must

initiate proceedings within twelve months of "the date of the occurrence giving rise to such Claim." The agreement imposes an indemnification obligation on Burns only in case of Burns's negligence and without regard to whether suit was filed against Appellant. In this context, the operative phrase was sufficiently clear to read the limitations period as running from the incident involving Burns's alleged negligence—here, the assault. Appellant failed to initiate any proceedings against Burns until three years after this occurrence; therefore, Appellant was contractually barred from bringing the instant claim against Burns.

Likewise, we find no error in the district court's grant of summary judgment for Appellee Lumbermen's. Under New York law, "compliance with a policy's notification provisions is a condition precedent to the insurer's liability under the policy." *Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.*, 368 F.3d 209, 214 (2d Cir. 2004). Without a valid excuse, "an insured's failure to provide timely notice of a claim to its excess insurer is a complete defense to coverage, regardless of whether the carrier was prejudiced by the late notice." *Green Door Realty Corp. v. TIG Ins. Co.*, 329 F.3d 282, 287 (2d Cir.

4

2003) (citing *Am. Home Assurance Co. v. Int'l Ins. Co.*, 684 N.E.2d 14, 16 (N.Y. 1997)).

The insured bears the burden of proving reasonableness of delayed notice and must exercise reasonable care and diligence in keeping itself informed of accidents out of which claims for damages may arise. *Sec. Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp.*, 293 N.E.2d 76, 78-79 (N.Y. 1972). A good-faith belief by the insured that an incident does not trigger coverage under its insurance policy "may excuse or explain a seeming failure to give timely notice." *Id.* at 79. While the question of the reasonableness to give timely notice is generally a question of fact under New York law, "a delay may be unreasonable as a matter of law when either no excuse is advanced or the proffered excuse is meritless." *Olin Corp. v. Ins. Co. of N. Am.*, 966 F.2d 718, 724 (2d Cir. 1992).

Here, Lumbermen's commercial general liability policy required Appellant, as additional insured, to give notice "as soon as practicable" of an occurrence that may result in a claim. Appellant's three year delay in providing notice of the underlying assault is unreasonable as a matter of law. Appellant cannot claim it was unaware of the incident

at the time of its occurrence because it received a report of the assault from its security company, Burns, on the day of the assault. *See  Travelers Ins. Co. v. Volmar Const. Co., Inc.*, 300 A.D.2d 40, 43 (N.Y. App. Div. 2002*).* Furthermore, the unusual nature of one aspect of the victim's injury, discovered fifteen months after the incident, does not alone justify delay. *See Olin Corp.*, 966 F.2d at 723-24 ("[I]t does not follow that an insured is obligated to provide the insurer notice of an occurrence only when it learns of a particular identified injury."). On the facts of this case, we cannot find that Appellant's provision of notice only after initiation of the underlying lawsuit is reasonable.

    For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk