11-4513-cv
*Pfeffer v. Harleysville Group, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of November, two thousand twelve.

PRESENT:    JOHN M. WALKER, JR.,
            DEBRA ANN LIVINGSTON,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

---

THOMAS B. PFEFFER,
            *Plaintiff-Appellant*,

-v.-                                No. 11-4513-cv

HARLEYSVILLE GROUP, INC.,
            *Defendant-Appellee.*

---

MICHAEL R. FLEISHMAN, Goetz Fitzpatrick, LLP, *for Plaintiff-Appellant*.

SCOTT D. STORM, Mura & Storm, PLLC, *for Defendant-Appellee*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Andrew L. Carter, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Thomas B. Pfeffer ("Pfeffer") appeals from an award of summary judgment on his breach of contract claims relating to the denial of insurance coverage by Defendant-Appellee Harleysville Group, Inc. ("Harleysville"). The district court found as a matter of law that: (1) Pfeffer's notice of property damage to Harleysville was untimely and unexcused; (2) Pfeffer's lawsuit was untimely; (3) Pfeffer breached the cooperation clause of Harleysville's policy, also barring suit; and (4) Pfeffer's bad faith contractual claims were not cognizable. Pfeffer appeals all of these findings. We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

* * *

Pfeffer contends that the district court made incorrect conclusions of fact regarding the reasonableness of his excuse for the late notice of property damage he provided to Harleysville. Under New York law, applicable here, we uphold notice-of-occurrence provisions in insurance contracts to aid insurers in early investigations, detection of fraudulent claims, and proper capital allocation. *Olin Corp v. Ins. Co. of N. Am.*, 966 F.2d 718, 723 (2d Cir. 1992); *Am. Transit Ins. Co. v. Sartor*, 814 N.E.2d 1189, 1191 (N.Y. 2004); *Sec. Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp.*, 293 N.E.2d 76, 78 (N.Y. 1972). Though the reasonableness of an insured's notice to the insurer is often a fact-bound question best left for trial, "where there is no excuse for the delay and mitigating considerations are absent, the issue may be disposed of as a matter of law in advance of trial."

*Power Auth. v. Westinghouse Elec. Corp.*, 502 N.Y.S.2d 420, 422 (1st Dept. 1986) (citing *Jenkins v. Burgos*, 472 N.Y.S.2d 373 (1st Dept. 1984)).

The record, even when viewed in the light most favorable to Pfeffer, supports the district court's conclusion that Pfeffer's notice of damage to Harleysville was untimely. Pfeffer's policy with Harleysville required Pfeffer to provide Harleysville with "prompt notice of the loss or damage." J.A. 338. Pfeffer's own notes document his knowledge of the damage to his property as of December 2006. On appeal, Pfeffer does not dispute the factual question of when he first noticed damage to his building but rather the reasonableness of his excuses justifying delayed notice to Harleysville. Pfeffer's proffered excuses, however – his alleged good faith belief in nonliability and his asserted lack of knowledge that his policy with Harleysville provided coverage – are unavailing.

Even assuming that the good faith belief in nonliability excuse were applicable, delay is not excused simply because the insured believes that some other party is to blame and should pay the costs: the insured still has a duty to notify his insurer of the damage caused by another party. *See Heydt Contracting Corp. v. Am. Home Assurance Co.*, 536 N.Y.S.2d 770, 772-73 (1st Dept. 1989). Pfeffer's belief in his neighbor's responsibility for the building damage and his later attempts to sue the neighbor for damage thus did not excuse the need to let Harleysville know what was happening with his property. *See Power Auth.*, 502 N.Y.S.2d at 422 ("No exception is made for losses which appear insubstantial or which in the insured's estimation may not ultimately ripen into a claim. . . . When the insured indefinitely reserves to itself the determination of whether a particular loss falls within the scope of coverage it does so at its own risk.").

Pfeffer's second excuse, uncertainty about coverage, is similarly of no help to Pfeffer here. According to Pfeffer, he investigated and documented the building's cracks and wall shifts between

his discovery of the damage in December 2006 and notification to Harleysville in January 2008 in order to properly assess "the seriousness" of the damage. These unilateral initiatives, however, do not substitute for timely notification to the insurance company. *See Halstead Oil Co., Inc. v. N. Ins. Co.*, 579 N.Y.S.2d 266, 267 (4th Dept. 1991) (reversing a denial of summary judgment to the insurance company in part because plaintiff's ignorance of the policy's coverage for gasoline leak cleanup costs did not excuse the three-year delay in notice). "[W]here coverage is unclear, reasonable insurance-holders give notice." *Rockland Exposition, Inc. v. Great Am. Assur. Co.*, 746 F. Supp. 2d 528, 540 (S.D.N.Y. 2010), *aff'd*, 445 F. App'x 387 (2d Cir. 2011). The evidence is undisputed that Pfeffer knew a loss had occurred, notified the neighboring property owner, consulted with two engineers, took notes as to the extent of the damage, and retained an attorney in connection with litigation against his neighbor all before notifying his insurance carrier. And while Pfeffer points out that he contacted his broker in connection with the damage in December 2006, New York law is clear that notice to a broker is not notice to the carrier. *See, e.g.*, *Sec. Mut. Ins.*, 293 N.E.2d at 79 n.3; *Jenkins*, 472 N.Y.S.2d at 377.

In sum, Pfeffer delayed notifying Harleysville for over a year after first discovering damage to his property. The district court did not err in concluding that this delayed notice was unreasonable as a matter of law. Compliance with the notice requirement in Pfeffer's contract is a condition precedent to recovery, and failure by the insured to comply with the notice requirement relieves the insurer of liability. *See Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995) ("Under New York law, compliance with a notice-of-occurrence provision in an insurance policy is a condition precedent to an insurer's liability under the policy."). Harleysville was therefore entitled to deny coverage for the damage and the district court did not err in granting summary judgment.

4

In light of our resolution, we do not address Pfeffer's arguments that he brought suit within the statute of limitations or was in compliance with the policy's cooperation clause.  As for Pfeffer's bad faith denial of coverage claim, the district court properly recognized that Pfeffer did not allege the necessary elements to a claim for breach of the implied covenant of good faith in contracts.

We have considered all of Pfeffer's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court